**FILED**
U.S. District Court
District of Kansas

AUG 29 2019

Clerk, U.S. District Court
By. ⎧𝘙𝘰𝘴𝘦𝘭⎫ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

          **Plaintiff,**

   v.

                          Case No. 18-CR-10157-01-JWB

**DANIEL ERIC MERIDA**

          **Defendant.**

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Jason W. Hart, and Daniel Eric Merida, the defendant, personally and by and through his counsel, Melody Brannon, Federal Public Defender, and Mitch Biebighauser, Assistant Federal Public Defender, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

    1.    **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count(s) 1, 3, 4, 5, 7, and 8 of the Superseding Indictment charging:

        **Count 1** Sexual Exploitation of a Child – Production of Child Pornography, a violation of 18 U.S.C. §2251(a);
        **Count 3** Distribution of Child Pornography, a violation of 18 U.S.C. §2252A(a)(2);
        **Count 4** Possession of Child Pornography, a violation of 18 U.S.C. §2252A(a)(5)(B);
        **Count 5** Transfer of Obscene Material to a Minor, a violation of 18 U.S.C. §1470;
        **Count 7** Transportation of Child Pornography, a violation of 18 U.S.C. §2252A(a)(1); and
        **Count 8** Possession of Child Pornography, a violation of 18 U.S.C. §2252A(a)(5)(B).

By entering into this Plea Agreement, the defendant admits to knowingly committing the offense(s), and to being guilty of the offense(s). The defendant understands that the maximum sentence which may be imposed as to **Count 1** of the Superseding Indictment to which he has

Ver. 19-01

agreed to plead guilty is not less than twenty-five (25) years nor more than fifty (50) years[1] of imprisonment, a fine of up to $250,000.00, a term of supervised release of no less than five (5) years and up to life, a $100.00 mandatory special assessment, and a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). The defendant understands that the maximum sentence which may be imposed as to **Count 3** of the Superseding Indictment to which he has agreed to plead guilty is not less than fifteen (15) years nor more than forty (40) years[2] of imprisonment, a fine of up to $250,000.00, a term of supervised release of no less than five (5) years and up to life, a $100.00 mandatory special assessment, and a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). The defendant understands that the maximum sentence which may be imposed as to **Count 4** of the Superseding Indictment to which he has agreed to plead guilty is not less than ten (10) years nor more than twenty (20) years[3] of imprisonment, a fine of up to $250,000.00, a term of supervised release of no less than five (5) years and up to life, a $100.00 mandatory special assessment, and a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). The defendant understands that the maximum sentence which may be imposed as to **Count 5** of the Superseding Indictment to which he has agreed to plead guilty is not more than ten (10) years, a fine of up to $250,000.00, a term of supervised release of not more than three (3) years, a $100.00 mandatory special assessment. The defendant understands that the maximum sentence which may be imposed as to **Count 7** of the Superseding Indictment to which he has agreed to plead guilty is not less than fifteen (15) years

---

[1] The defendant acknowledges his prior conviction under the laws of Colorado in San Miguel County Case 13-CR-31 is an offense relating to the production, possession, receipt, distribution, shipment, or transportation of child pornography.

[2] See Footnote 1.

[3] See Footnote 1.

2

nor more than forty (40) years[4] of imprisonment, a fine of up to $250,000.00, a term of supervised

release of no less than five (5) years and up to life, a $100.00 mandatory special assessment, and

a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA). The

defendant understands that the maximum sentence which may be imposed as to **Count 8** of the

Superseding Indictment to which he has agreed to plead guilty is not less than ten (10) years nor

more than twenty (20) years[5] of imprisonment, a fine of up to $250,000.00, a term of supervised

release of no less than five (5) years and up to life, a $100.00 mandatory special assessment, and

a $5,000.00 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA).

    2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> Sometime in 2012, when Minor Victim 1 (born in June 2000) was 12 years old, the
> defendant Daniel Eric Merida contacted her via social media on the internet and began
> cultivating an online sexual relationship with her. The defendant's involvement with Minor
> Victim 1 continued for the next six years.

> Between June 2014 and March 20, 2015, the defendant sent Minor Victim 1 (then 14 years
> old) obscene material, e.g., an image of his exposed erect penis. Minor Victim 1 did not
> request this image and the image disturbed her. Evidence of the defendant's contact with
> Minor Victim 1 during part of this time-period was found on the defendant's LG phone,
> along with images of the defendant's exposed erect penis. [This conduct supports **Count
> 5**.]

> The defendant's communications with Minor Victim 1 were interrupted when he was
> arrested in March 22, 2015 for a different matter, and he was in jail until July of 2016. By
> August 14, 2016, the defendant re-established communications with Minor Victim 1,
> engaging Minor Victim 1 in an online sexual relationship. The defendant sent Minor
> Victim 1 at least one image depicting a minor child engaged in a sex act, and also persuaded
> and enticed Minor Victim 1 to produce images of herself engaged in the exhibition of
> genitals and masturbation. Minor Victim 1 ended the relationship in March 2017, although
> they remained in intermittent contact. Evidence of these communications, as well as
> communications with a third party (identified as T.D.) discussing his activities with Minor
> Victim 1, were found on the defendant's Samsung S7 phone. Along with those
> communications, agents also found images of prepubescent children engaged in sex acts,

*[handwritten margin note:]* which was seized as part of a search on or about March 18, 201[.] Because the defendant was in possessio[n] of the phone until the search, the defendant was in possession of the child pornography on this date.

---

[4] See Footnote 1.

[5] See Footnote 1.

i.e., child pornography. These videos of child pornography had been previously transmitted via the internet. [This conduct supports **Counts 1, 3, and 4**.]

After the defendant's arrest on November 9, 2018, and after Minor Victim 1 had been contacted by the defendant's then-cohabitant girlfriend, agents conduct another search warrant at the defendant's residence. Agents recovered the defendant's Apple IPhone 6S which contained videos of prepubescent children engaged in sex acts. These videos of child pornography had been previously transmitted via the internet. Because of his arrest on November 9, 2018, the defendant was in possession of this material as late as November 8, 2018. [This conduct supports **Count 8**.]

Additionally, the phone revealed the defendant's Dropbox account, which was opened on May 11, 2018 and last accessed on November 8, 2018. The defendant's Dropbox account was found to contain videos of prepubescent children engaged in sex acts. Because Dropbox is an internet-based storage provider, these videos of child pornography had been transported by the defendant to Dropbox's servers via the internet. [This conduct supports **Count 7**.]

At all times described above, the defendant was in Kansas, and Minor Victim 1 was in another state.

3.      **Application of the Sentencing Guidelines.**   The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.      **Relevant Conduct.**   The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all

4

other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

     5.    **Government's Agreements.**  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    (a)    to dismiss the remaining counts of the Superseding Indictment (and Indictment) at the time of sentencing;

    (b)    to not file any additional charges against the defendant arising out of the facts forming the basis for the present Superseding Indictment (and Indictment);

    (c)    to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility (and the defendant understands the United States will **not** move for the additional one (1) level reduction):

    (d)    to recommend no more than forty (40) years imprisonment, followed by lifetime supervised release.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges

5

arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6.   **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7.   **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States, and otherwise agrees to abandon his interest in the same:

a LG D850 G3 phone, SN 409KPCA437019, seized on March 22, 2015;

Samsung Galaxy S7 phone, SN R38J900LM5T, seized on March 8, 2018;

an Apple iPhone 6S A1634 phone, SN FCCRFASFGRWT, seized on November 17, 2018. The defendant agrees that this property was used or intended to be used to commit or to promote the commission of Counts 1, 3, 4, 5, 7 and 8. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

6

Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8.  **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a)  Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b)  Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c)  Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination relative to his financial circumstances or assets.

(d)  Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e)    Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f)    Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States.  Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g)    Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(h)    Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address or other contact information until the judgment debt is paid in full.

(i)    Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(j)    Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default, and agrees to be immediately included in the Treasury Offset Program allowing federal benefits and payments to be offset and applied to the balance of criminal monetary penalties.

(k)    Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

9.    **Restitution.** The defendant understands that restitution is mandatory pursuant to

18 U.S.C. §2259. The defendant agrees the entry of an order of restitution as to the victim in Counts 1 and 5, if requested and as determined by the Court. The defendant also agrees to the entry of an order of restitution in the amount of $3,000 per victim for any victim associated with the offenses in Counts 3, 4, 7 and 8 of the Superseding Indictment who may be identified *and* who request restitution prior to sentencing, with the caveat that if the total number of victims results in an amount of restitution exceeding $50,000 total, neither party shall be bound by this Paragraph and the restitution amount will be litigated or renegotiated.

8

10.     **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

11.     **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing.  Additionally, unless the Court finds the defendant to be indigent, the Court shall impose an additional $5,000 Justice for Victims of Trafficking Act (JVTA) assessment, pursuant to 18 U.S.C. § 3014, for Counts 1, 3, 4, 7 and 8.[6] The defendant has the burden of establishing an inability to pay the required special assessments.  The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessments at the time of sentencing, the Court may allow payment during his period of incarceration.

12.     **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.  The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed.  The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court

---

[6] The offense in Count 5, Transfer of Obscene Material to a Minor, is not included in the JVTA.

9

departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13.    **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14.    **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

10

15.     **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16.     **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17.     **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that he is

**[CONTINUED ON THE NEXT PAGE FOR SIGNATURES]**

11

entering into this Plea Agreement and is pleading guilty because he is guilty.   He further

acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

JASON W. HART
Assistant United States Attorney

Date: _8/29/2019_

CARRIE CAPWELL   Digitally signed by CARRIE CAPWELL
Date: 2019.08.29 11:42:11 -05'00'

CARRIE CAPWELL
Assistant United States Attorney
Criminal Chief

Date: _(See Signature Box)_

DANIEL ERIC MERIDA
Defendant

Date: _8/29/19_

MELODY BRANNON
Federal Public Defender
Counsel for Defendant

Date: _8/29/19_

MITCH BIEBIGHAUSER
Assistant Federal Public Defender
Counsel for Defendant

Date: _August 29, 2019_

12