# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       v.                                   CASE NO. **18-CR-10157-JWB**

**DANIEL ERIC MERIDA,**

       **Defendant.**

### UNITED STATES' SENTENCING MEMORANDUM

The Court is tasked with formulating an appropriate sentence for a 36 year old previously –convicted sex offender who, while on supervision, exploited another child to satisfy his deviant sexual desire. The defendant's desire was stated plainly, in communications[1] with yet another child:

> 100014202669141 Daniel Eric Merida
>
> I have always wanted a pedo family

Far from limiting himself to these several children, the defendant also engaged other offenders in the exchange of child pornography, including images of prepubescent females being sexually

---

[1] Extraction from Defendant's Samsung S7 phone.

exploited. And if the Court takes him at his word[2], the defendant has molested at least one very young (six year old) female child:



---

[2] Extraction from Defendant's Samsung S7 phone.

According to the above exchange, the defendant has performed oral sex on a six (6) year old child, made her perform oral sex on him, and ejaculated on her. That was his plain expression of his own history and apparent interest, which was/is substantially corroborated by his collection and trading of prepubescent child pornography.

Equally important for the Court to consider are the defendant's involvements in these activities despite judicial involvement. After conviction in Colorado in San Miguel case 13-CR-31, the defendant was caught again in Kansas in Butler County case 15-CR-171. While not convicted at jury trial in that case, messaging[3] between the defendant and the minor victim (discovered in the present case) suggests he had been involved in prepubescent female child pornography at that time:

```
3/23/2018 20:22(UTC-5)Direction:Incoming, +13166210672 (Daniel Merida)
I'm just scared that they're going to find shit ya know?
Status: Read
Read: 3/23/2018 20:22(UTC-5)

3/23/2018 20:23(UTC-5)Direction:Outgoing, +          (H      M   )
I'm not trying to be right. I know you are, Danny. May I ask why you're scared of them finding something if there's nothing for them to find?
Status: Sent
Delivered: 3/23/2018 20:23(UTC-5)
Read: 3/23/2018 20:23(UTC-5)

3/23/2018 20:24(UTC-5)Direction:Incoming, +13166210672 (Daniel Merida)
Because of what has been downloaded before? What they may see that I've seen
Status: Read
Read: 3/23/2018 20:25(UTC-5)

3/23/2018 20:26(UTC-5)Direction:Outgoing, +          (H      M   )
Isn't that stuff long gone? Either way, if they had found something wouldn't they have made some sort of move by now?
Status: Sent
Delivered: 3/23/2018 20:26(UTC-5)
Read: 3/23/2018 20:26(UTC-5)

3/23/2018 20:27(UTC-5)Direction:Incoming, +13166210672 (Daniel Merida)
No it isn't long gone. It's still very much all there. It just takes some tech geek to know how to find evidence of it
```

In fact, he was involved with the minor victim in the present case throughout the San Miguel case (except for when he was in prison). And when he got out of prison, he immediately resumed his activities with her, *and* resumed accumulating child pornography. Likewise, though law enforcement took his phone in March 2018, he returned to his child pornography activities,

---

[3] Extraction from Defendant's Samsung S7 phone.

opening a Dropbox account in May 2018 full of child pornography with access as late as November 8, 2018. Recidivate much?

On the issue of recidivism, the defendant proposes that studies on recidivism suggest he's unlikely to reoffend. In fact, recidivism rates are based upon being caught (convicted or arrested), and they are frustratingly low for sex offenders (a well-known fact not addressed by the defense). *See, e.g., United States v. McIlrath*, 512 F.3d 421, 425 (7th Cir. 2008) ("Estimates of recidivism are bound to be too low when one is dealing with underreported crimes such as sex offenses. Static 99 treats as a recidivist only someone who is convicted of a further sex offense, but the recidivism concern is with someone who commits a further offense, whether or not he is caught—yet if he is not caught, his subsequent crime does not affect the data on which the Static 99 calibrations are based.") (Posner, J.). This Court should be careful of any "expert" who tries to redefine recidivism to mean "sexually reoffend." The term "recidivism" is defined in terms of convictions (or arrests at a minimum), not whether the person actually reoffends. These "recidivism" studies cannot predict sexual offenses; it can only predict if he gets caught committing sexual offense, which is a tiny subset of sexual offense.

In this case, the defendant has a demonstrated history of aggressive, multi-faceted sexual reoffending *and* recidivism. Equally important for this Court to consider is the defendant's escalation to the use of encryption (the Vault application) to hide his activities after already being caught. This defendant has demonstrated that being caught the first time only made him more cautious, with zero effort to correct his behavior or address his criminal sexual desire.

Along those lines, the Court should also consider the fact that, when law enforcement went to arrest him, he was combative, attempted to provoke the agents into a fight, and threatened the life of the agents. He explained why he did this – his hope was to provoke them into a fight, which

would frustrate his prosecution. Suffice to say, this is yet one more instance where the defendant demonstrates the lengths he will go to manipulate those around him. The United States anticipates presenting information on his interactions with officer at hearing (as such did not make it into the PSR), unless the Court determines it will not affect sentencing.

In light of the factors this Court should consider under 18 U.S.C. §3553, the United States contends the defendant should receive forty (40) years, followed by the lifetime supervision. A term of forty (40) years is a Guideline sentence. It takes into account the defendant's criminal offenses, which involve multi-faceted offending. It takes into account his history, both his criminal history, his prior conduct while on supervision for a similar offense, and his admissions of prior undetected criminal offending. It takes into account the extended duration of his exploitation of children, as well of his use of multiple technologies to commit his offenses, including encryption. A sentence of forty (40) years does more to reflect the seriousness of his offense and promote respect for the law than the defendant's requested sentence of the minimum term – particularly as his conduct was far from the minimum. A sentence of forty (40) years is designed to protect the public from the defendant, who has already demonstrated that he is likely to return to this conduct. If the Court believes the defendant's recitation of his personal history, the defendant does not present as an individual who is well-equipped or likely to conform his criminal interests to civilized society. He deserves a lengthy term of incarceration, followed by a longer term of supervision.

        Respectfully submitted,

        STEVEN R. MCALLISTER
        United States Attorney


        *s/ Jason W. Hart*
        JASON W. HART
        Assistant United States Attorney

>301 N. Main, Suite 1200
>Wichita, KS 67202
>Tele:  316-269-6481
>Fax:    316-269-6484
>Email: Jason.hart2@usdoj.gov
>Ks S. Ct. No. 20276

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Melody Brannon, Federal Public Defendant
>Mitch Biebighauser, Ass't Federal Public Defender
>Federal Public Defender Office
>301 N. Main, Suite 850

>*s/ Jason W. Hart*
>JASON W. HART
>Assistant United States Attorney